Our first case of the morning is agenda number one. Case number 115542, People in the State of Illinois v. Justin Fields. Are the parties ready to proceed?  Good morning, Your Honors. May it please the Court, Counsel, Assistant Attorney General Lindsay Payne, on behalf of the people of the State of Illinois. I'd like to begin by addressing the dispositional hearing issue, and I will address Respondent's cross-appeal regarding the sufficiency of the evidence on rebuttal. But obviously, if the Court has any questions on that issue at any time, I'm happy to answer them. Under the plain language of Section 40B1 of the Sexually Violent Persons Commitment Act, Respondent was not entitled to a continuance of the dispositional hearing so that he could present unspecified evidence from an unidentified witness. The Act sets immediately after trial as the default time for the hearing. It is only if the Court lacks sufficient information at that time that it abuses its discretion by denying a continuance. Now, Section 40B1 of the Act also states that the hearing, whether continued or not, must take place as soon as practicable after trial. So if the Court adjoins the hearing and orders a supplemental evaluation, the hearing still must take place as soon as practicable. So the general scheme under the Act, then, is that the Court decides immediately after trial whether it needs additional information to make its dispositional ruling. At that time, the Respondent is free to call witnesses or proffer additional evidence. If the Court denies Respondent the opportunity to present witnesses at that time or denies a continuance despite a proffer, then the Court's decision would be subject to an abuse of discretion review. Now, these procedures favoring a dispositional hearing that takes place immediately after trial serve an important purpose under the Act. The relevant issue in an SVP trial, as in any mental health proceeding, is the present mental state of the Respondent. In this case, for example, pretrial litigation lasted approximately four years. During that time, the experts updated their opinions multiple times and were deposed multiple times so that they could provide up-to-date information to the trial court. Ms. Payne, with regard to your comment about the important factors of the present mental condition of the Respondent at the time, but how could you have a dispositional hearing take place if there's no testimony of commitment on the issue of commitment? Isn't that important in a dispositional hearing as well? Well, I think that there was testimony on commitment in this case. So there's three factors that are relevant to the dispositional decision under the Act. Was there any information on commitment in this case? Yes. So the first two factors relate to the nature and circumstances of the Respondent's behavior that formed the allegations under the petition. So there was abundant testimony regarding what was Respondent's behavior, the crimes that he had committed, the other evidence that he suffered from a mental disorder and that he was dangerous. His mental history and present mental condition is the other factor. Again, plenty of testimony on that. And, you know, Respondent keys in on this third factor. The third factor of any placement. What was the testimony on placement for commitment? Well, so the factor is what arrangements are available to ensure that the person has access to and will participate in treatment. So the evidence that was presented was that Respondent has been offered treatment, that he's been residing in a residential treatment facility, but that he is not engaged in treatment, and that, in fact, he has stated that treatment would be a waste of his time. So there was evidence presented on that point. Respondent had the opportunity to cross-examine on that point. The people had no burden to come forth with additional evidence on that factor at the dispositional hearing. And so it was a... So there was no evidence at the dispositional hearing on placement? There was no additional... Other than what you just described. I'm sorry, Your Honor. Other than what you just described. Correct. I mean, there was no additional testimony that was presented at the hearing. On the third factor, I would say the evidence that was presented was Respondent's failure to participate in treatment in a residential treatment facility. It seems like you frame the argument, counsel, that there's nothing wrong with having an immediate dispositional hearing. And I think that proposition might be right, but in this case, was there a dispositional hearing at all? It seems like the court just relied upon the hearing that they had already had, right? Well, I think once you answer the question, does the trial court have the discretion to hold the dispositional hearing immediately, then the question, and if you answer that in the affirmative, then the question is, did the court abuse that discretion by denying a continuance of that hearing? And... Well, there's no question in this case that the Respondent wanted to put on testimony, right? He stated that he wanted to present a witness. That's correct. So any statute that wouldn't allow that, aren't there due process implications to that? Well, I think the question is not, did the court, was the court disallowing it? But if the court has the discretion to hold the hearing at that time, and the Respondent is not prepared to present that evidence at that time, then it's incumbent on him to make a proffer. I think the people aren't asking for a rule that's any different than the one that this court applied in People v. Collins. People v. Collins was a capital criminal case. Immediately after trial, the defendant in that case requested a continuance of the sentencing proceedings. And he actually said, I only need a continuance for one day, Your Honor. And he told the court exactly why he needed a continuance. He said, I need to investigate pending out-of-state charges because I expect that the prosecutor is going to present evidence of these out-of-state crimes in aggravation. The trial court, not wanting to deviate from its preset schedule, denied a continuance. And this court affirmed, holding that there was no error, and specifically stated that the court would not reverse and remand for a new sentencing hearing because the defendant in that case had not demonstrated that he was prejudiced by the denial of the continuance. So I think certainly, Your Honor, we've acknowledged that there are liberty interests at stake. But those liberty interests are not greater than those faced by a criminal defendant in a sentencing hearing or at trial. And if the court can – if a criminal trial court has the discretion to proceed directly to sentencing, so too here did the trial court have the discretion to proceed directly to sentencing. And there's no due process violation simply for requiring that the respondent come forth with his proffer. And he had that opportunity at the time of the hearing, immediately after trial. He also had that opportunity in his post-trial motion. He still didn't name a witness. Let me go back to my initial question. Was there a dispositional hearing immediately after trial, as you frame it? Or was there a disposition rendered based on evidence already presented without a dispositional hearing? And I think there's a difference. The people's position is that what took place was a hearing because the court considered the evidence that had already been presented. Neither party offered additional evidence at the time of the hearing immediately after trial. The hearing that took place met Respondent's own definition of a hearing that he put before the appellate court. There were judicial proceedings. The court considered issues of fact and law. And it rendered its judgment. Now, if the language specifically from the trial judge at the moment in the transcript certainly appears that the sense is he's saying that there is no right to a hearing whatsoever. For example, he says, Mr. Coyne says, we do have a witness we want to put on for a dispositional hearing. The court says, if we have a dispositional hearing, I think pursuant to statute I'm entitled at this stage, based on what I've heard, to make that determination independently. So that's what I'm going to rule. It certainly appears that the judge's understanding of the statute was that he did not need to hold a dispositional hearing. Am I misreading the transcript? No, Your Honor. But I think also another interpretation, and it was discussed in a similar manner in other appellate court opinions, Winterhalter, Teitelbach, and Varner, as far as are we using the language a hearing and meaning a separate dispositional hearing on a different date with additional evidence? And I think another reading of the transcript is the court turns to Respondent and asks what does the Respondent want to do at this time? And he's saying, we want a date. We want a supplemental evaluation. And so under Section 40b-1 of the Act, it appears that what he's asking for is to adjoin the hearing for a supplemental evaluation so that he could present a witness based upon that evaluation. May I just go back maybe a little bit earlier in the transcript? The Court says, so what's the State asking for, Ms. Welke? That he be civilly committed, the Court, as opposed to a dispositional hearing? Ms. Welke, yes. And again, I think that could be read to mean a separate dispositional hearing. But if the Court disagrees, and if the Court finds that there was no hearing in this case, then this still should be subject to harmless error review. And we have a situation here where the overwhelming evidence is that commitment to a secure treatment facility was the only appropriate option in this case. A Respondent demonstrated that he was not able to control his pedophilic urges even within the highly structured environment of the DHS treatment facility. Just months before trial, he was found to be possessing, which he admitted, and disseminating a DVD containing photos of nude young boys that fit his victim profile, zoomed in on their genitalia. Clearly, he's still acting out. He's not controlling his urges. He was also acting out violently towards other residents in the DHS facility. All that evidence was before the Court. And so, even if we, if the Court finds that there was error because there was no hearing whatsoever here, that error was harmless. In the, I know Respondent has argued that the people forfeited that issue. We respectfully disagree. The argument was made to the Appellate Court. There has been no case directly on point addressing whether harmless error review applies in this situation. Winterhalter and Teitelbach both considered the overwhelming evidence that secure treatment was the only appropriate disposition in that case. The people cited those cases to the Appellate Court. Moreover, the people were appellee in the Appellate Court. And therefore, under this Court's decisions in Donahoe and Cunningham, they can make any argument to support the trial judgment in this case. If we read the statute to require a separate hearing, then the statute says, pursuant to hearing held as soon as practicable after the judgment is entered. And a later sentence says, if the Court lacks sufficient information to make the determination required, it may adjourn the hearing. So the judge has discretion to adjourn the hearing. Does the judge have discretion not to allow the Respondent to present any testimony or evidence if the judge believes he or she has sufficient evidence to make the determination required by paragraph B2? I think that that would then go to a highly fact-specific abuse of discretion analysis, which highlights the problem of the lack of a record in this case. We don't know what this witness would have said, could have offered. But if I understand your question correctly, in the scenario where the Court says, I want to hold the dispositional hearing immediately after trial, and say the Respondent offers a witness that's prepared to testify at that time, does the Court have discretion to not hear that witness? Correct. I think the same discretion that any trial judge has, if, for example, it was clear on the record that this witness had nothing to offer that was relevant whatsoever to the dispositional issue, then we would address whether it was an abuse of discretion for the Court not to hear that witness. We don't have a due process issue, as Justice Thomas raised, the right to present some evidence on the issue of commitment loss of liberty? But I think inherent in your question is that the evidence does relate to disposition. So in my scenario, if the evidence was completely irrelevant to disposition, then would the trial court have discretion not to hear that evidence? I think we would have to judge that on a case-by-case basis. But generally, since what the Court has discretion to do is hold the hearing immediately after trial or decide to adjourn it, generally I think we would be in a situation where the Court would be in most cases required to hear that evidence. Counsel, let me ask you about the time references. There's the phrase, as soon as practicable, and then there's the immediately after trial. Now, the language on immediately after trial shows up in the second sentence of B-1. Now, do you read that to say the hearings to be held immediately after trial or the determination? I mean, the statute uses the phrase determination, that if the Court lacks sufficient information to make a determination, and then it goes on, required by paragraph B-2, et cetera, immediately after trial. So is that immediately after trial to hold the hearing or to make a determination after trial? I think that the question makes sense. Right. I think both. So the Court makes that determination. It says the determination required under paragraph B-2, which is the dispositional determination. And then it goes on to say if it doesn't have sufficient information to make that determination, it must adjourn the hearing. So I read that to say that the Court has the discretion to hear the – have the dispositional hearing immediately after trial. And the as soon as practicable language is more generally referring to when any hearing must take place. So even if the Court finds that it lacks sufficient information, which it might do based just upon the trial record, or it might do based upon a proffer from respondent saying, I have something you haven't heard. Here's what it is. Even if the Court adjourns the hearing, it must make an effort to have the hearing as soon as practicable. Because here we have, again, the General Assembly displaying its intent to have these proceedings move quickly because of the need to have up-to-date information on the Well, guess what I'm trying to sort out. I haven't taken a position on this. But if the Court is in the opposite position, if the Court has sufficient information, does the statute then mean with that language that there's no need to hold a separate hearing? Or do you think there's no question there has to be a separate hearing? Well, I think that – what do we mean by separate hearing? Because I answered Justice Thomas' question, that the people's position is that this was a hearing despite the fact that additional evidence was not presented. Because it's a hearing at which the Court is considering all of these factors and rendering its determination. So certainly I think that there does not need to be a hearing on a separate date. There's no requirement that additional evidence is presented. Respondent has argued that there's a burden on the State. We strongly disagree. The State is free to rest upon the evidence that was presented at trial. And it is incumbent upon the Respondent, if he has additional information to bring to bear, to let the Court know what the substance of that testimony would be. Otherwise, the Court can't address whether it lacks sufficient information based upon something that it's unaware of. And I think Respondent also had the opportunity to do that in the post-trial motion. If Respondent was caught off guard by the proceedings, there was the opportunity to request argument at the post-trial motion to build the record so that this Court can apply the abuse of discretion standard that is set forth in the Act. Is your position that this hearing, as you call it, was done after the judgment is entered? Yes. And so the way we envision it taking place under the plain language of the Act is the verdict is received from the jury. The Court makes its determination as to whether it lacks sufficient information based on the trial record. The Court may decide, even without any proffer from any party, that it lacks sufficient information based upon the trial record. And that is the time, then, for the Respondent to either call witnesses or proffer additional evidence. And I think that the Court has broad discretion to control when the hearing takes place, and it only abuses that discretion if it lacks sufficient information or there's been a proffer demonstrating that there's some additional evidence to bring to bear. If the Court has no further questions. Thank you. Madam Chief Justice, Your Honors, may it please the Court, Michael Johnson from Chicago-Kent College of Law, representing Justin Fields. The United States Supreme Court has described civil commitment as a massive curtailment of liberty as far back as 1972 in Humphrey v. Katie. In in-rate detention of Samuelson, this Court described the SVP commitment as leading to extended incarceration. In recognition of those substantial liberty interests involved in this case, the legislature enacted numerous procedural safeguards to ensure reliable and just results in these cases. They enacted Section 25, providing Respondents with numerous rights at each hearing conducted under the Act. They enacted Section 35, providing Respondents with the right to be proven a sexually violent person beyond a reasonable doubt. And they enacted Section 40, providing Respondents with the right to a dispositional hearing. Those safeguards put in place by the legislature were disregarded in this case. We've raised two issues in our brief. I'd like to focus on the dispositional issue and stand on the brief with respect to the proof beyond a reasonable doubt issue. In this case, there was no dispositional hearing. Immediately after the judgment was entered, the trial court asked trial counsel, what's next? Trial counsel said, I believe we have to select a date. Trial counsel was asking for a date for a dispositional hearing, and that request is made clear through the context that follows, where the State says, we believe the State has the right to a dispositional hearing. And the State says, what's the State asking for? And the State says that he be civilly committed to, and the court says, as opposed to a dispositional hearing? Yes, as opposed to a dispositional hearing. If we look at the statute, counsel, that says the trial court may enter the initial commitment order under the section pursuant to a hearing. So, through the word shall, we know that the court must enter the initial commitment order under the section pursuant to a hearing. And that's based on the language of the Act. Section 40B.1 provides that the court shall enter an initial commitment order under the section pursuant to a hearing. So, through the word shall, we know that the court must hold a hearing. It's nondiscretionary. Then it goes on to say, if the court lacks sufficient information to make the determination immediately after trial, then it may adjourn the hearing and order a predispositional investigation. So the adjournment of the hearing is tied to the ordering of a supplemental report, a supplemental examination. If we accept the State's interpretation of 40B.1, what is the harm or the extent of the burden placed on the Respondents? In as much as that this was a request for an adjournment of a hearing, accepting that part of the State's argument? Yes. If the Court accepts that, it would still be incumbent upon the State to prove that the burden was harmless. And in this case, they forfeited the harmless error in three different ways, as we've outlined in our brief. The State failed to raise harmless error at all in its petition for leave to appeal to this Court, thus failing to comply with Supreme Court Rule 315. And in that regard, it's been forfeited. Setting aside the forfeiture element, go to the substance of your response to the testimony. The substance of it is that the Court heard no evidence about why Mr. Fields should be committed to institutional care in a secure facility rather than to conditional release. Everything that the State just talked about, about his past and present mental condition, his past behavior, that testimony was offered into evidence for the limited purpose of explaining why he was a sexually violent person. It was not offered into evidence for its truth. The evidence about a DVD and a drawing and whatever is contained on there, that was not introduced into evidence. It's not even clear that it exists at all. In fact, Mr. Fields received a warning for having the DVD and the drawing. So in that regard, that evidence was not so substantial, and it was not offered to justify why he should be committed to institutional care in a secure facility. And even if it were, the trial court still heard no testimony at all about what arrangements were available to ensure that he had access to and would participate in treatment. Now, the simple fact that he has not participated in treatment prior to trial is not a controlling determination. Anything that he said in treatment prior to trial would be used against him at trial. And furthermore, he told Dr. Levitt that if treatment were required, he would do it. That evidence was before the court. So in that regard, the error was not harmless. It was Mr. Fields was prejudiced by the trial court's refusal to hold a dispositional hearing. Moreover, in considering the evidence presented at trial, the court considered that evidence without giving Mr. Fields an opportunity to cross-examine that evidence as it relates to disposition. Now, this Court has recognized in People v. Rice that the motive of cross-examination at a suppression hearing is so obviously not the same as the motive to cross-examine at trial. And I submit to the Court that that is precisely the situation here, where Mr. Fields at trial, his cross-examination was motivated by showing that he did not suffer from a mental disorder, that he was not substantially probable to reoffend, that the records the doctors reviewed were unreliable, that the actuarial instruments that they used were moderately accurate. Those were the kinds of cross-examination that was brought out at trial. Mr. Fields was not allowed to cross-examine at trial about how these conditions of conditional release would impact whether he could be placed under conditional release. Section 40B-5 provides numerous conditions which are mandatory in cases of conditional release. One of those is that the respondent must serve a term of house arrest. Another is that the respondent may be tracked with GPS. There was no testimony at all about why those kinds of conditions were insufficient to allow Mr. Fields to be conditionally released. And with respect to his past sexually violent behavior, this is an individual who has only served three years, who was sentenced to three years for an aggravated criminal sexual abuse, and that came as a result of a negotiated plea offered by the state's attorney of Cook County that essentially offered him three years after he had already served, 358 days in the jail. Are you saying that if the respondent requests a predisposition investigation or a predisposition hearing, that the court must adjourn to hear additional evidence? Well, no. I would say that the court must hold a hearing and that the only way it would adjourn a hearing is if it needed more information or some other reason that would fall under the as soon as practicable standard. So this was not a hearing that took place after trial. And for that reason, it was not a request to adjourn the hearing. The language in the statute about the court may adjourn the hearing relates specifically to the court's order to produce a supplementary mental examination. So there has to be a separate hearing? There must be a separate hearing. And the definition of hearing that the state cites is illustrative of the baseline for what a hearing is, but ultimately due process is flexible and calls for those protections and procedures as the case may require. And in this case, there are substantial liberty interests at stake. And, well, if this was a hearing at all, it was a hearing on whether Mr. Fields had a right to a hearing, a dispositional hearing, and the trial court decided they did not have that right to a hearing. In fact, in denying the motion for new trial, the trial court stated, paragraphs 25 through 31 make reference to the right for an immediate dispositional hearing, which is rights that basically doesn't exist. And the court went on to say that it had certainly heard plenty at the jury trial, which allowed me to make a ruling that we did not need to have a dispositional hearing. So there was no hearing in this case. And once the hearing takes place, if there is a hearing, at a minimum, the respondent has to have an opportunity to cross-examine the state's witnesses. If the court and the state is going to offer their testimony from trial into evidence at the hearing, those doctors must be made available for cross-examination at the hearing, and then the respondent must be given an opportunity to present additional evidence if he so desires. And those are the key factors which distinguish this case from Winterhalter, because in that case, the respondent was indeed given an opportunity to present evidence, was given an opportunity to testify, was given an opportunity for his counsel to argue why he should be committed to conditional release rather than to secure care. And those are the distinguishing features, at a minimum, of what is required and contemplated by the dispositional hearing requirement in Section 40. Counselor, I know it's your position that there was no hearing, but if we go to that second sentence you were talking about, if the court lacks sufficient information to make the determination immediately after trial, it may adjourn the hearing and order the department to conduct a predisposition investigation or a supplementary mental examination or both. Is that the limit that the or the limited purpose for which the adjournment can be made? No. Do you order, or is it can be also to allow the respondent to present testimony? The face of the statute sounds like it says it's, it may adjourn and order what it says here, just the two things. Sure. Our position is that the hearing being held as soon as practicable gives the trial court discretion to hold the hearing at a time when it's convenient for the parties and that just because it may have sufficient information doesn't mean that the court, that the hearing needs to be held immediately after trial. It should be held as soon as practicable, but that language allows for continuances for other reasons aside from ordering a supplemental examination. And the idea that this is a hearing that took place immediately after trial, this is also incorrect in the sense that respondent was not given notice that this was going to take place. Now, a hearing could certainly be held in future cases or in any case where notice is given that if there is a verdict against the respondent, that there would be an opportunity to have the witness there waiting for the hearing to take place. And as the appellate court noted in this case, the continuance could be just for a day, but with notice it could be immediate, absolutely immediate. Of course, this case is also not Teitelbach or Varner. In both of those cases, the judge gave an opportunity to introduce evidence relating to disposition during the trial. Now, our position is that that evidence should have been excluded under the rules of evidence, but nonetheless it was admitted without objection in both of those cases. And in Teitelbach was a bench trial, so perhaps that would have been less of a problem. In Varner it was a jury trial, but again there was no objection to introducing evidence about disposition during the trial. That would seem to be contrary to the statute, too, that says the hearing has to take place after judgment, right? Right. The section 40 and section 35 is clearly contemplating a bifurcated proceeding in which a determination of whether someone is an SVP takes place at a trial and then appropriate placement is considered at a section 40 hearing. But you're saying without objection it would just be under, by agreement, right? So not a problem. Right. And the failure to hold a hearing in those cases may essentially be seen as harmless error because they were given an opportunity to be heard. And apparently they were given notice that that evidence was going to come in during the trial. And in that regard, they had their opportunity to be heard and for the trial court to testify. This case is also not similar to the cases that have come out of the first district after Fields, which are Dodge, Butler, and Ehrlich. In each of those cases the respondent did not offer a witness to testify and the appellate court found that there was no error because there was no offer of a witness. In the event that this Court finds that the error may be subject to a harmless error analysis and the State did not forfeit that error, the burden would still be on the State to prove that the error was harmless because the error in this case was preserved. This is not a case of plain error. Moreover, the error in this case, the appellate court did not say that it was holding that this was structural error. But if the Court accepts that argument, this case does indeed present structural error. This is not an error that, this is an error that defies harmless error analysis. And it indeed affects the framework in which the disposition is rendered because there was no hearing. That was the structure on which the Court was to prove that the error was harmless. And, therefore, in in-rate detention of Traynor, this Court considered whether a summary judgment was appropriate for the State to use in a recovery petition in a sexually dangerous person's case. And ultimately, after concluding that it was not appropriate, the Court reversed without considering whether prejudice was present. And similarly in this case, as we argue in our brief, this case was not as a result of the fact that the State was to hold the Court responsible for the disposition in the State's own state secure facility. And by allowing the Court to make the decision without holding the Court, sorry, the State to that burden, this was essentially the same type of error that cannot be subject to a harmless error analysis. The State also argues in its brief that requiring a hearing is nothing more than requiring adherence to the fundamental principles of the law and the principles of the Constitution. The State's argument is based on two mistaken premises. First is that the appellate court did not require a showing of prejudice. That's not the holding of the appellate court. The appellate court held that the State had forfeited harmless error. The State's argument is that requiring a hearing is nothing more than requiring adherence to the fundamental principles of due process and the bedrock guarantees of our adversary system. It's requiring nothing more than adhering to the same maxim that this Court observes, both literally and figuratively, each time it hears oral argument. And that is howdy, alterum, partum. Hear the other side. And that's what Mr. Fields was asking for. And that's why, if the Court finds that the evidence was sufficient, it should affirm the appellate court's judgment. If there are no further questions, I would rest on our brief with respect to the remaining issues. Thank you. Thank you, Counsel. The counsel for Respondent brings up the issue of notice. As an initial matter, as we stated in our brief, that issue is forfeited. Respondent did not so much as cite Section 25 of the Act before the appellate court. But forfeiture aside, Respondent here had notice through a number of avenues. First, he had statutory notice based upon the plain language of the Act. Second, a number of published cases, Winterhalter, Teitelbach, Varner, demonstrate that the dispositional hearing could take place immediately after trial. And the cases on which Respondent relies in his brief on notice are cases in which litigants were completely unaware of the existence of proceedings against them. Here, Respondent was at the hearing, represented by counsel, so he had at least the opportunity to make a proffer of what evidence it was that he wished to present. And he should be required to do so, just as criminal defendants, people v. Collins, are required to do, or civil litigants. Respondent argues that the court didn't have the discretion to hold the hearing immediately after the trial. But as I said, there's no reason that Respondents under the Act should have more rights than criminal defendants. And here, the General Assembly has set up a situation where they're favoring dispositional hearings that happen immediately after trial, and this goes directly to the policy behind the Act. This is not a criminal proceeding where, say, it's sentencing, primarily the evidence is going to be retrospective. Everything is in the past. It's not going to change if you delay the hearing by a month. Here, things are ever-evolving, and there were multiple rounds of depositions in this case for that particular facility were to change in between the trial and the dispositional hearing. Then we're in a situation where the court does need to order a supplemental evaluation, and that's not what the Act intends. Contrary to Respondent's assertion, Teitelbach, he states that Teitelbach had evidence presented during trial about disposition. That's not true. There was a statement about potential parole conditions if Respondent was not found to be an SVP. Teitelbach is just like this case. There was no testimony on the dispositional hearing, and yet the court proceeded directly to disposition under the Act. It considered, as Section 40b-1 requires, do I lack sufficient information at this time? I do not. Has anyone offered to call a witness right now or proffered any relevant testimony? No. No one has. Therefore, under the Act, it's within my discretion to make my dispositional ruling at this time. Turning to Respondent's harmless error argument, this case absolutely does not defy harmless error analysis. As I stated, Respondent was acting out in DHS custody, both sexually and violently. And Respondent questions whether the evidence presented during trial on that point was competent because it was brought in through experts rather than eyewitnesses, I suppose. But the evidence would have come in exactly the same way in the dispositional hearing. What's at issue here is an expert psychological opinion about whether Respondent is substantially probable to commit acts of sexual violence if he's released into the community. And so the evidence would have come in the same way. And this is why there's no requirement under the Act. While the Act requires a hearing, a bifurcated hearing does not necessarily mean that then we have to present the same evidence all over again. Even in a criminal proceeding, if no one offers a witness, it's – it does not violate due process for a criminal defendant to be sentenced based solely upon the evidence presented at trial, because that evidence is undoubtedly relevant. And here, the people had no burden of proof at the dispositional hearing. Just as there's no burden of proof in criminal sentencing, it's a weighing process. The General Assembly said that the Court has two options, conditional release or secure care. There's three factors only that are relevant to that. And the General Assembly demonstrated that when they intended to create a burden, they knew how to do so. Section 35 of the Act states that the people have the burden of proving that the respondent is an SVP beyond a reasonable doubt. The General Assembly created no such burden for the dispositional phase, because it would be inappropriate that it's within the trial court's discretion to consider all of the evidence before it, to weigh the factors, and to decide that secure care was the only appropriate disposition in this case. And it was. Respondent says that a lack of treatment is not dispositive. True, there's three factors that are to be considered. But a lack of treatment is highly relevant, and the trial court has the discretion to weigh that factor heavily. Here, the lack of treatment was not the only basis supporting the conclusion that secure treatment was the only appropriate disposition. Respondent, as the experts had testified, had escalated in his behavior from an opportunistic sexual assault upon a 9-year-old boy, to then one that involved manipulation, force, and kidnapping of a 9-year-old boy. And then the respondent was unable to control his pedophilic urges in DHS custody. On top of that, he had received no more than one day of treatment. After that, he refused to participate. So this case does not defy harmless error analysis. Any error is harmless, given the absolutely overwhelming evidence that Respondent was substantially probable to reoffend if he was in the community. If there's no further questions, we would ask that the Court reverse the judgment of the appellate court below, which vacated the trial court's disposition of remains. Thank you. Case number 115-542, People of the State of Illinois v. Justin Fields, is taken under advisement as agenda number one. Ms. Payne and Mr. Johnson, you're excused at this time. Thank you for your arguments.